UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:25-CV-40-M

| | |
|---|---|
| JAMES ISSAC FAULK,<br><br>Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE,<br><br>Defendant. | MEMORANDUM AND RECOMMENDATION |

This matter is before the court on the United States's motion to dismiss, [DE-34], and Plaintiff James Issac Faulk's ("Faulk") prayer of judgment relief, [DE-37], which are referred to the undersigned for memorandum and recommendation, Jan. 26 & 30, 2026 text orders. Faulk filed a response in opposition to the motion to dismiss, [DE-38], and the motions are ripe for review. For the reasons stated below, it is recommended that the motion to dismiss be allowed and that the prayer of judgment relief be denied as moot.

## I. Background

On January 28, 2025, Faulk, an inmate in the custody of the state of North Carolina, filed this action alleging the Internal Revenue Service ("IRS") was wrongfully withholding his $1,400 refund check. Compl. [DE-1]. The United States later characterized the refund as the third Economic Impact Payment ("EIP 3") authorized by Congress in response to the Covid-19 pandemic, 26 U.S.C. § 6428B, which Faulk has not disputed. Def.'s Mem. [DE-34-1] at 1–2. Returns of service were filed in August 2025, [DE-25, -26], and the United States, as the proper party in interest, 26 U.S.C. § 7422(f)(1), obtained a stay of the deadline to respond to the complaint due to an appropriation lapse for the Department of Justice, [DE-27, -31]. On December, 12, 2025,

the United States filed a motion to dismiss the complaint for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), [DE-34], and on January 6, 2026, Faulk filed a prayer of judgment relief, [DE-37]. Faulk also filed several letters with the court regarding his prior and ongoing efforts to obtain EIP 3, including communications with the IRS. [DE-11, - 14, -20, -22, -33, -39, -40, -41].

## II. Standard of Review

A court must dismiss all or part of an action over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Whether subject matter jurisdiction exists is a threshold question that must be addressed before considering the merits of the case. *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999); *see also* Fed. R. Civ. P. 12(h)(3) ("if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The plaintiff, as the party opposing a Rule 12(b)(1) motion to dismiss, has the burden of proving that subject matter jurisdiction does, in fact, exist. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* (citations omitted).

## III. Discussion

The United States contends that the court lacks subject matter jurisdiction over Faulk's claim because he has failed to establish that he duly filed a claim for refund of EIP 3 with the IRS. Def.'s Mem. [DE-34-1] at 3–5. Faulk counters that he previously submitted the tax form the IRS claims to have not received and questions the authenticity of the exhibits provided in support of the United States's motion. Pl.'s Resp. [DE-38] at 1–2.

Congress provided two ways in which an individual could receive the $1,400 EIP 3: first, the IRS issued direct payments in the form of checks or direct deposits, i.e., the stimulus checks; and second, if a qualified individual did not receive a stimulus check, they could claim a $1,400 credit on their 2021 tax return. 26 U.S.C. § 6428B(a), (g); *see Griffin v. United States*, No. 21-2307T, 2022 WL 1101817, at *2 (Fed. Cl. Apr. 13, 2022) (explaining the structure of stimulus payments) (citing 26 U.S.C. § 6428B). The district courts have jurisdiction over tax disputes, pursuant to 28 U.S.C. § 1346(a), but a plaintiff must first demonstrate that the United States has waived its sovereign immunity. *See* 26 U.S.C. §7422(1) ("No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax . . . until a claim for refund or credit has been duly filed with the Secretary."). "Section 7422(a) of the Internal Revenue Code waives sovereign immunity only when a taxpayer has filed a qualifying tax-refund claim with the IRS." *Griffin*, 2022 WL 1101817, at *4.; *see also Pond v. United States*, 69 F.4th 155, 158 (4th Cir. 2023) ("[S]uits seeking to force the government to issue a refund are barred by sovereign immunity unless the plaintiff first files a timely request."). "For a claim to be 'filed,' it must be delivered." *Pond*, 69 F.4th at 161 (citing *United States v. Lombardo*, 241 U.S. 73, 76 (1916)). Furthermore, "a plaintiff must wait at least six months after filing a refund claim with the IRS before filing suit." *Id.* at *5.

There is no dispute that Faulk never received a direct payment for EIP 3, so Faulk was required to claim the $1,400 credit on his 2021 tax return. Faulk asserts that he sent in the required tax form, Compl. [DE-1] at 1; Pl.'s Resp. [DE-38] at 1, but the IRS claims it cannot find a record of a 2021 tax return submitted by Faulk and that he has been unable to verify his identity by providing the social security number he included on the claim, Def.'s Mem. [DE-34-1] at 4. While Faulk questions the veracity of the IRS's claim that they have exhaustively searched for the

allegedly filed return to no avail, it is Faulk's burden to demonstrate that the prerequisites for subject matter jurisdiction are satisfied. *See Lee Brick & Tile Co. v. United States*, 132 F.R.D. 414, 417 (M.D.N.C. 1990) ("The taxpayer has the burden of establishing this Court's jurisdiction over its action.").

Faulk has not carried his burden to demonstrate that subject matter jurisdiction exists. Faulk's initial letter to the court, construed as his complaint, stated that he received EIPs 1 and 2, but the IRS was withholding his $1,400 refund check for EIP 3, which he had been trying to obtain since 2022. Compl. [DE-1] at 1. Faulk alleged that he filed for the first EIPs with the IRS office in Kansas City, Missouri and they issue his check for $1,800 plus interest in March 2023 while he was at Scotland Correctional, but for EIP 3, he was told he had to file with the Austin, Texas office. *Id.* He also alleged that he sent three G.S. 10-B-41 acknowledgment forms to identify himself, and that at first, he did not know his social security number, so he used the one the prison gave him, but the IRS said that number was not his, so he gave them the one on his legal papers. *Id.* Faulk also provided the following documentation: an October 25, 2024 letter from the IRS regarding tax period Dec. 31, 2022, Form 1040, stating more time was needed to respond to Faulk's September 18, 2024 inquiry, [DE-1-3] at 9–10; a December 26, 2024 letter from the IRS regarding tax period Dec. 31, 2022, Form 1040, stating more time was needed to respond to Faulk's September 18, 2024 inquiry, [DE-1-1]; and letters dated November 5, 2024 and January 10, 2025 from the IRS regarding tax period Dec. 31, 2023, Form 1040, stating more time was needed to respond to Faulk's July 25, 2024 inquiry, [DE-1-3] at 1–5, 12–17. While this correspondence demonstrates that Faulk lodged inquiries with the IRS, it lacks indicia that Faulk actually filed a 2021 tax refund claim for EIP 3 with the IRS.

Faulk's filings outside the complaint have also been considered, as the court may properly

do when determining whether it has subject matter jurisdiction, *Richmond*, 945 F.2d at 768. Faulk sent the court a letter dated March 21, 2025, in which he stated that he received two more letters from the IRS and spoke to an attorney from the Department of Justice ("DOJ") on February 27, 2025, regarding the social security numbers the IRS had for Faulk. [DE-11] at 1. Faulk suggested the attorney work with the prison accounting office to get information regarding his receipt of the previous EIPs to assist in resolving the issue regarding EIP 3. *Id.* at 2. Faulk sent a similar letter to the court on April 7, 2025, regarding a phone call with the DOJ attorney and his frustration that the IRS could not identify him through the prison accounting office. [DE-14]. Faulk submitted a June 2, 2025 letter to the court requesting blank summonses after DOJ's attorney sent him a letter stating she was assigned to work on his case, attached copies of his proposed summonses rejected by the court, and suggested how to correct the errors. [DE-20]; [DE-20-1] at 1–3. Faulk also included another letter from the IRS, dated May 13, 2025, regarding his July 24, 2024 inquiry that stated more time was needed to respond. [DE-20-1] at 4–7. The court received a July 23, 2025 letter from Faulk stating that the IRS responded to his August 13, 2024 inquiry and indicated that the social security number he provided did not match its records, the prison record of his social security number differed from the one on his legal papers, and he has never known his social security number. [DE-22]. Faulk also provided a copy of a July 17, 2025 letter from the IRS stating the social security number he provided does not match their records and they were unable to process his return. [DE-22-1]. Faulk's October 23, 2025 letter to the court discussed correspondence Faulk received from the DOJ attorney and asserted that he "filed well before within the time frame." [DE-33].

After the United States filed its motion to dismiss, Faulk's response stated, in relevant part, that he had already sent in the tax form the IRS claimed it never received. Pl.'s Resp. [DE-38] at

1. Faulk also filed copies of envelopes that show he received correspondence from the IRS. [DE-38-1]. Faulk sent another letter to the court dated February 3, 2026, stating that he received correspondence from the IRS on January 14, 2026, asking him to identify himself on 1040 forms dated 2021, and he responded with an affidavit and a copy of his state I.D., as well as a copy of his indictment containing his social security number. [DE-39]. Faulk also indicated he was making efforts to obtain a copy of his social security card. *Id.*; *see also* [DE-40] (April 8, 2026 letter from Faulk to the court similar to Feb. 3, 2026 letter). Finally, Faulk sent the court a June 10, 2026 letter stating that he filed a 1040 tax return claiming the $1,400 EIP, he did not know his social security number by heart so the prison provided him with a social security number that he used, that number was different than the social security number on his legal papers, and his correspondence with the IRS proves that he timely filed his refund claim. [DE-41]. Faulk also included copies of IRS envelopes, IRS notices regarding identity verification, and a copy of the motion to dismiss. [DE-41-1].

Faulk's filings demonstrate, at most, that he attempted to file a claim that might have contained the wrong social security number or no social security number at all. This is insufficient to nudge Faulk's claim that he filed a request for refund of EIP 3 with the IRS across the line from mere possibility to plausibility. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). As the *Griffin* court explained in a similar case,

> Although the plaintiff argues in her response that she has submitted various complaints to the IRS, she has submitted no evidence that she ever sought a tax refund through the required process or otherwise submitted her claim to the IRS. The plaintiff, even proceeding pro se, has the burden of proving that the Court has jurisdiction over her claims. *See Kelley*, 812 F.2d at 1380. It is not enough to assert that she has submitted some informal, administrative requests to the IRS. The plaintiff must demonstrate that she has filed a tax return or formal request for a refund of taxes. In the absence of such documentation, the Court lacks jurisdiction over her claim.

*Griffin*, 2022 WL 1101817, at *5. Here, Faulk's correspondence with the IRS shows that he sent inquiries to the IRS but not that he filed a refund claim with the IRS.

The Fourth Circuit's decision in *Pond v. United States* is also instructive as to the type of evidence necessary to plausibly allege that a claim has been "duly filed" for purposes of § 7422(a). In *Pond*, the taxpayer claimed to have requested a refund for his 2012 and 2013 taxes "at the same time in the same envelope," but the IRS said it only received the 2012 refund request and not the 2013 request, and after suit was filed it argued the court lacked jurisdiction over Pond's claim. 69 F.4th at 158. Pond argued that he was entitled to a presumption of timely delivery under the mailbox rule or, alternatively, that he plausibly alleged physical delivery. *Id.* at 159. The court determined that there was no presumption of delivery under the common-law mailbox rule, because a narrower statutory mailbox rule applied, which required the documents to be sent by registered or certified mail in order to benefit from the presumption. *Id.* at 161–65. The court explained that a "presumption of delivery is found in § 7502(c), which provides that registration serves as prima facie evidence of delivery for filings sent by registered or certified mail. § 7502(c). . . . And that subsection only provides a delivery presumption when using registered or certified mail." *Id.* at 163. Here, too, Faulk has not alleged that he sent his refund claim by registered or certified mail, so there is no presumption under § 7502(c) that his claim was delivered to the IRS, and he must plausibly allege that it was physically delivered. *Id.* at 165–66.

The Fourth Circuit found that Pond had plausibly alleged physical delivery. Pond's complaint "directly alleged the 2013 claim was 'physically delivered to the IRS service center in Holtsville, New York, in accordance with standard postal delivery practices and in accordance with IRS guidelines,'" and he supported that allegation with three facts: (1) the envelope containing the

2013 claim "was postmarked with a date of July 18, 2017"; (2) his 2012 and 2013 claims were sent in a single envelope, and the 2012 claim was paid; and (3) the letter he received from the IRS denying his 2013 claim listed the "date of claims received" as July 17, 2017, i.e., "the IRS itself prepared a document listing a timely date as the '[d]ate of claims received.'" *Id.* at 166–67. The court concluded that "Pond plausibly alleged in his complaint that his 2013 claim was physically delivered to the IRS before the statutory deadline" and "that [was] enough to show that the district court has jurisdiction within the United States's sovereign-immunity waiver under § 1364(a) to hear his claim." *Id.* at 168.

Here, while Faulk alleges that he received EIPs 1 and 2 but not 3, they were not filed at the same time; rather, Faulk alleges that he sent the claims to different IRS offices at different times. Faulk also has not alleged a postmark or even a mailing date for his EIP 3 refund claim. Finally, the envelopes and correspondence provided by Faulk do not directly reference his 2021 tax return or refund claim. There is one letter from the IRS dated July 17, 2025, which states, "Thank you for your correspondence dated Aug. 13, 2024. The social security number (SSN) provided doesn't match our records. We are unable to process your return." [DE-22-1]. The letter is vague in that it does not state the tax period or the specific the return to which it refers, which distinguishes it from the letter in *Pond*, which specifically indicated a timely date as the "date of claims received" in support of Pond's allegation that he timely filed his claim. *Id.* at 166–67. The IRS letter here is also consistent with its assertion that Faulk has been unable to provide the social security number he included on the alleged refund claim.[1] Def.'s Mem. [DE-34-1] at 4; Pl.'s Filings [DE-1, -11, -

[1] The United States also argues that if Faulk failed to include a social security number on the refund claim, then it would not have been "duly filed" for purposes of establishing jurisdiction. Def.'s Mem. [DE-34-1] at 4. Some courts have opined that not all aspects of § 7422, such as signature and verification requirements found in the Treasury regulations, are jurisdictional, and dismissal under Rule 12(b)(6) rather than 12(b)(1) is appropriate where such requirements are not met. *See Griffin v. United States*, 2022 WL 1101817, at *5 (citing *Brown v. United States*, 22

14, 22, -39] (acknowledging that he does not know his social security number, that the prison had given him a different number than the one he found on his legal paperwork, and that he has had difficulty ascertaining his actual social security number.).

Faulk has not plausibly alleged that his refund claim for EIP 3 was actually delivered to the IRS, and Faulk's own filings indicate that the IRS made exhaustive efforts to locate his refund claim but was unable to do so. "For a claim to be 'filed,' it must be delivered," *Pond*, 69 F.4th at 161, and the court lacks jurisdiction where no claim was "duly filed," 26 U.S.C. § 7422(a). Accordingly, it is recommended that the complaint be dismissed without prejudice for lack of jurisdiction and that Faulk's prayer of judgment be denied as moot.

## IV. Conclusion

For the reasons stated herein, it is recommended that the complaint be dismissed without prejudice for lack of jurisdiction and that the prayer of judgment be denied as moot.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on the parties. You shall have until **Monday, August 3, 2026**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

F.4th 1008, 1012 (Fed. Cir. 2022)). There is no dispute, however, that the failure to file a claim at all deprives the court of jurisdiction.

**If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline may bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846–47 (4th Cir. 1985).**

This the 20 day of July, 2026.

Robert B. Jones, Jr.
United States Magistrate Judge